# United States District Court
# Central District of California

| | |
|---|---|
| BASF CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>WATERPAPER, INC. d/b/a CREST AUTO BODY,<br><br>    Defendant. | Case No. 2:18-cv-04415-ODW(GJS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [16]** |

## I. INTRODUCTION

Presently before the Court is Plaintiff BASF Corporation's Motion for Default Judgment. (ECF No. 16.) For the following reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment and awards **$80,595.92**.[1]

## II. BACKGROUND

### A. Factual Background

Plaintiff BASF Corporation is in the business of selling products and materials

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

for the reconditioning, refinishing, and repainting of automobiles. (Compl. ¶ 3, ECF No. 1.) Defendant Waterpaper, Inc. is in the business of reconditioning, refinishing, and repainting automobiles. (Compl. ¶ 4.)

On August 26, 2015, the Parties entered into a requirements contract, where Defendant agreed to fulfill one hundred percent of its requirements for refinish products up to the minimum purchase requirement of $872,000.00. (Compl. ¶¶ 7-9, Ex. A.) Further, Plaintiff paid $80,000.00 in consideration for Defendant to fulfill its obligations under the Requirements Agreement. (Compl. ¶ 11, Ex. A.) If the Requirements Agreement was terminated and Defendant failed to fulfill 1/5th of the purchase requirement, it agreed to compensate Plaintiff 110% of $80,000, or $88,000. (Compl. ¶ 11, Ex. A.)

Defendant breached the Requirements Agreement by failing to purchase refinish products from Plaintiff and by entering into an agreement for refinish products with one of Plaintiff's competitors. (Compl. ¶¶ 12-14, 16.) As a result, Plaintiff seeks $872,000.00 in expectation damages, $88,000.00 in liquidated damages for the return of the Contract Fulfillment Consideration, $400.00 for Clerk's filing fees costs, and $195.92 for service of process fees. (Mot. 7, ECF No. 16.)

**B. Procedural Background**

Plaintiff filed its Complaint on May 23, 2018. (Compl., ECF No. 1.) Defendant was served pursuant to Fed. R. Civ. P. 4(h) on June 5, 2018. (ECF No. 12.) After Defendant's failure to answer the Complaint, Plaintiff filed an Application for Entry of Default against Defendant on June 27, 2018. (ECF No. 13.) The Clerk entered default against Defendant on June 28, 2018. (ECF No. 14.)

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("FRCP") 55(b), a Court may grant default judgment after the Clerk enters default under Rule 55(a). *See PepsiCo Inc., v.*

*Cal. Security Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). A district court has discretion whether to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, a court must consider several factors, including: the possibility of prejudice to plaintiff; the merits of plaintiff's substantive claim; the sufficiency of the complaint; the sum of money at stake; the possibility of a dispute concerning material facts; whether the defendant's default was due to excusable neglect; and the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). If the allegations sufficiently establish liability, the court must then determine the "amount and character" of the relief that should be awarded. *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 394 (C.D. Cal. 2005).

### IV. DISCUSSION

As a threshold matter, the Court must determine whether it has jurisdiction over the matter before addressing if Plaintiff has met the procedural requirements for default judgment. Next, the Court must examine whether the *Eitel* factors weigh in favor of granting default judgement before addressing the relief entitled to Plaintiff, if any.

**A. Jurisdiction**

Before addressing Plaintiff's request for entry of default judgment, the Court must determine whether it has jurisdiction over the parties and the subject matter. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). According to 28 U.S.C. Section 1332, the Court may exercise subject matter jurisdiction over the parties because there is

complete diversity among the parties and the amount in controversy is over $75,000. Plaintiff is a corporation that is incorporated in Delaware with its principal place of business in New Jersey. (Compl. ¶ 1, ECF No. 1.) Defendant is a corporation domiciled in California and has its principal place of business in California. (Compl. ¶ 2.) Moreover, the amount in controversy is satisfied because Plaintiff seeks a total of $960,000.00 in damages and $595.92 in costs. (Mot. 9, ECF No. 16.) As a result, since Plaintiff served Defendant it was presently domiciled in California, the Court has personal jurisdiction over the parties. (ECF No. 12.) *See Burnham v. Sup. Ct.*, 495 U.S. 604, 612 (1990). As a result, the Court's jurisdiction is proper.

### B. Procedural Requirements

Before a court can enter default judgment, the party seeking default must satisfy the procedural requirements for default judgment set forth in the Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1. Local Rule 55-1 requires the movant to submit a declaration establishing: when and against what party the default was entered; the pleading to which the default was entered; whether the defaulting party is an infant or incompetent person; that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and that the notice has been served on the defaulting party, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

Plaintiff has satisfied these requirements. In accordance with FRCP 55 and Local Rule 55-1, the Clerk of the Court entered default against Defendant on June 28, 2018; the default stemmed from Defendant's failure to respond to Plaintiff's Complaint, which was served on June 5, 2018; Defendant is a corporation and therefore is neither a minor nor an incompetent person; Since Defendant is a corporation and thus is not being sued during active military service, the Servicemembers Civil Relief Act is not applicable and; Defendant was notified because Plaintiff served Defendant with a copy of the Motion for Entry of Default Judgment and all its supporting documents. Accordingly, the Court finds that Plaintiff

complied with all the procedural requirements.

**C. Plaintiff's Motion for Default Judgment**

The Court finds that the *Eitel* factors favor default judgment. The Court will discuss each factor in turn.

### 1. Plaintiff Would Suffer Prejudice if Default is Not Entered

The first factor considers whether the plaintiff will suffer prejudice if default judgment is not entered. *PepsiCo*, 238 F. Supp. 2d at 1177. When a defendant fails to appear and defend their claims, the plaintiff would be without recourse and suffer prejudice unless default judgment is entered. *Id*. Plaintiff argues that due to Defendant's failure to appear in the action, they will likely be left without recourse absent an entry of default judgment. (Mot. 6, ECF No. 16.) Defendant failed to appear to contest this allegation. Without a default judgment, Plaintiff would suffer prejudice for the damages incurred as a result of Defendant's conduct. Accordingly, the first *Eitel* factor weighs in favor of granting default judgment.

### 2. Plaintiff's Claims are Meritorious and Sufficiently Pleaded

The second and third *Eitel* factors address the merits and sufficiency of plaintiff's claims pleaded in the complaint. *Eitel*, 782 F.2d at 1471–72.

#### i. California law Governs Despite Choice of Law Clause

Before addressing the merits and sufficiency of Plaintiff's claims, the Court must determine which state law governs the dispute. The contract contains a choice-of-law provision indicating that Michigan law applies. (Compl. ¶ 7.) "A federal court sitting in diversity must look to the forum state's choice of law rules to determine the controlling substantive law." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2011). To determine whether Michigan law is applicable, the Court must determine "whether the chosen state has a substantial relationship to the parties or their transaction, or…whether there is any other reasonable basis for the parties' choice of law." *Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal. 4th 459, 466 (1992). If

neither of the two tests are met, the inquiry ends. *Id*. A substantial relationship between the choice of law state and the contracting parties exists if a party is domiciled in the state. *Id*. at 467. Moreover, a "reasonable basis" for following a choice of law provision exists if one of the parties resides in the state. *Id*.

Since neither party resides nor is domiciled in Michigan, there is neither a substantial relationship nor reasonable basis for following Michigan Law. Additionally, the record does not provide a reasonable basis for selecting Michigan law because the Complaint does not allege that the contract was negotiated in Michigan and the facts do not indicate any connections to Michigan to support its use as governing law. In fact, Plaintiff states that a substantial portion of the events giving rise to the claim occurred in California. (Compl. ¶ 5.) Accordingly, since neither a substantial relationship nor reasonable basis for the application of Michigan law exists, the Court will apply California law.

### ii. Breach of Contract

A cause of action for a breach of contract requires the existence of a valid contract, plaintiff's performance or excuse for nonperformance, and defendant's breach, which results in damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). A valid contract exists if the parties to the contract are capable of contracting, both parties consent to the contract's terms, a lawful object is present, and sufficient consideration exists. *U.S. ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999).

Here, the Parties entered into a valid requirements contract, which generally requires one party to provide a certain amount of goods to the other party, and in return the receiving party may only purchase such goods from the providing party. *See Langer Juice Co., Inc. v. Yantai North Andre Juice Co., Ltd.*, No. CV 06-1354 SVW (CWx), 2006 WL 5207229, at *1 (C.D. Cal. Aug 16, 2006). Both parties are corporations and thus capable of contracting (Compl. ¶¶ 1-2.); the parties consented to

the lawful sale and purchase of refinished products as provided in the Requirements Agreement (Compl. ¶¶ 3-4, 8-11); and Plaintiff paid Defendant $80,000.00 in consideration as performance of fulfilling its own obligations. (Compl. ¶¶ 10-11.) Nonetheless, Defendant breached the Requirements Agreement by entering into an agreement with Plaintiff's competitor and failing to purchase one hundred percent of their automotive refinished product requirements from Plaintiff. (Compl. ¶ 12.) Due to Defendant's breach, Plaintiff suffered damages of at least $80,000.00. (*See* Mot. 7, ECF No. 16.) Accordingly, Plaintiff's breach of contract claim is meritorious and sufficiently pleaded.

### iii. Unjust Enrichment

Generally, California law does not permit a standalone cause of action for unjust enrichment. *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). Unjust enrichment lies in quasi-contract, which is a contract implied by law and is created to return the aggrieved party to the position they were in before they provided the benefit to the unjustly enriched party. *See Id.* Moreover, an unjust enrichment claim must fail if the parties are bound by a valid express contract. *Durell v. Sharp Healthcare*, 184 Cal. App. 4th 1350, 1370 (Ct. App. 2010). Here, Plaintiff cannot prevail on a separate cause of action for unjust enrichment because the Parties entered into a valid express contract. Accordingly, the Plaintiff's unjust enrichment claim fails as a matter of law.

Therefore, the second and third *Eitel* factors weigh in favor of granting default judgment for the breach of contract claim but not for the unjust enrichment claim.

### 3. The Sum of Money at Stake Weighs in Favor of Default Judgment

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *Pepsico*, 238 F. Supp. 2d at 1176. Stated otherwise, the Court is required to assess whether the recovery sought is proportional to the harm caused by the defendant's conduct. *Landstar Ranger, Inc. v. Parth*

*Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Here, Plaintiff seeks at least $80,000 in recovery for damages caused by Defendant. (Mot. 7, ECF No. 16.) This is proportional to the harm caused because Plaintiff gave $80,000.00 in consideration of Defendant's anticipated performance for which they received nothing in return.

### 4. There is no Possibility of Disputed Fact

The fifth *Eitel* factor examines whether material facts are disputed. *Eitel*, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Television Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Here, Plaintiff's complaint alleges facts supporting its claims and there are no disputed facts because Defendant defaulted. Accordingly, the fifth *Eitel* factor favors entry of default judgment.

### 5. The Defendant's Default is Not Due to Excusable Neglect

The sixth *Eitel* factor considers whether Defendant's default was due to excusable neglect. *Eitel*, 782 F.2d at 1471-72. Here, Defendant was properly served on Clya Apache, Defendant's enrolled agent, on June 5, 2018 and the Proof of Service was filed with the Court. (ECF No. 12.) Therefore, the possibility of excusable neglect is remote. Accordingly, the sixth *Eitel* factor weighs in favor of entering default judgment.

### 6. Policy for Deciding on the Merits Does Not Preclude Default Judgment

Finally, the seventh *Eitel* factor reflects the policy that "cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "a decision on the merits [is] impractical, if not impossible" when a defendant fails to answer the plaintiff's complaint. *PepsiCo Inc.*, 238 F. Supp. 2d at 1177. Although this factor generally weighs against default judgment, a decision on the merits is not possible since Defendant did not respond to the complaint. Accordingly, this factor

alone does not prevent default judgment.

Since a majority of the *Eitel* factors weigh in favor of granting default judgment, Plaintiff is entitled to default judgment on the breach of contract claim.

**C. Relief Sought**

The Court, having determined that the Motion for Default Judgment should be granted, now turns to Plaintiff's measure of relief. Generally, regardless of the number of legal theories advanced by the injured party, they can only recover compensation once for the same injury. *Tavaglione v. Billings*, 4 Cal. 4th 1150, 1158 (1993). Plaintiff seeks $88,000.00 in liquidated damages for the return of the Contract Fulfillment Consideration, $872,000.00 in expectation damages, $400.00 for Clerk's filing fees costs, and $195.92 for service of process fees. (Mot. 9, ECF No. 16.)

    **1. Liquidated Damages**

Although Plaintiff did not explicitly request liquidated damages, their request for the Contract Fulfillment Consideration pursuant to the agreed upon refunding schedule qualifies as such. (*See* Compl. Ex. A.) "Liquidated damages constitute a sum which a contracting party agrees to pay or a deposit which he agrees to forfeit for breach of some contractual obligation." *ABI, Inc. v. City of Los Angeles*, 153 Cal. App. 3d 669, 685 (Ct. App. 2011). In order to determine whether liquidated damages are appropriate, the Court must examine whether the liquidated damages clause would be unenforceable as a penalty. *See McGuire v. More-Gas Inv., LLC*, 220 Cal. App. 4th 512, 522 (Ct. App. 2013).

        **i. Enforcement of the Liquidated Damages Clause**

A liquidated damages provision is considered valid "unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." Cal. Civ. Code § 1671(b). Nonetheless, if the provision does not bear a reasonable relationship to the foreseeable remedies, then the provision is unenforceable. *Ridgley v. Topa Thrift & Loan Ass'n*,

17 Cal. 4th 970, 977 (1998). If the amount of liquidated damages is disproportionate compared to the actual damages anticipated, then the provision is considered a penalty. *Howard v. Babcock*, 6 Cal. 4th 409, 425 (1993). As a result, the 'penalty' is deemed ineffective and the plaintiff can only recover the actual damages sustained. *Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913, 931 (1985).

Here, the Requirements Agreement provided that if Defendant breached the contract and purchased less than 1/5th of the minimum purchase requirement, then Defendant must refund 110% of Plaintiff's Contract Fulfillment Consideration, amounting to $88,000.00. (Compl. ¶ 11, Ex. A.) However, neither the contract nor Plaintiff provides whether the refund percentage is proportional to actual damages anticipated. Since Plaintiff paid $80,000.00 in consideration, $88,000.00 would be disproportionate to the amount of damages that Plaintiff actually suffered. The refund operates as a penalty provision because it seeks to fine Defendant for failing to meet the minimum purchase requirement. Accordingly, the Plaintiff's request for $88,000.00 in liquidated damages is **DENIED.**

### 2. Compensatory Damages

In determining the compensatory damages that a plaintiff may recover, "[t]he aim is to put the injured party in as good a position as he or she would have been had performance been rendered as promised." *Kashmiri v. Regents of Univ. of Cal.*, 156 Cal. App. 4th 809, 848 (Ct. App. 2007). However, "[a] court may limit damages for foreseeable loss by excluding recovery for loss of profits . . . if it concludes that in the circumstances justice so requires in order to avoid disproportionate compensation." *Postal Instant Press, Inc. v. Sealy,* 43 Cal. App. 4th 1704, 1715 (Ct. App. 1996) (*citing* Restatement 2d Contracts § 351(3)). Furthermore, compensation for damages requires the injured party to demonstrate they suffered an actual detriment from that specific injury. *Valdez v. Taylor Auto. Co.*, 129 Cal. App. 2d 810, 822 (Ct. App. 1954). Detriment is defined as the "loss or harm suffered in person or property." Cal.

Civ. Code § 3282.

Here, Plaintiff would be disproportionately compensated if Defendant paid $872,000.00 in compensatory damages for breaching the minimum purchase requirement as provided in the contract. Compensating Plaintiff $872,000.00 for lost profits even though they did not provide Defendant with any products under the requirements contract would be unreasonable. Plaintiff did not suffer an actual detriment of $872,000.00 since they did not provide even 1/5th of the minimum purchase requirement. (Compl. ¶ 12.) Accordingly, Plaintiff's request for $872,000.00 in compensatory damages is **DENIED**.

### 3. Restitution

The purpose of restitution in a breach of contract claim is to place the aggrieved party in the same position they were in before the contract was made. *Pay Less Drug Stores v. Bechdolt*, 92 Cal. App. 3d 496, 501 (Ct. App. 1979). California courts allow a restitution claim if one party receives a benefit at the expense of the other party. *Elder v. Pac. Bell Tel. Co.*, 205 Cal. App. 4th 841, 857 (Ct. App. 2012). Here, Plaintiff paid $80,000.00 in consideration for performing its obligations under the contract. (Compl. ¶¶ 10-11.) Defendant received a benefit at the expense of Plaintiff because Defendant breached the contract and unjustly withheld the sum Plaintiff paid in consideration. (Compl. ¶ 12.) To place Plaintiff in the position they were in before the contract was made, Defendant must return the amount paid in consideration. Accordingly, the Court **AWARDS** Plaintiff $80,000.00.

### 4. Costs

Finally, Plaintiff seeks $400 for Clerk's filing fees and $195.92 for service of process on Defendant. (Mot. 9, ECF No. 16.) Local Rule 54-1 and Federal Rule of Civil Procedure 54(d) provide that a prevailing party is entitled to an award of costs incurred. Accordingly, the Court **AWARDS** Plaintiff $595.92 in costs.

///

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's motion for default judgment. The Court **AWARDS** $80,000.00 in restitution and $595.92 in costs, for a total of **$80,595.92.**

**IT IS SO ORDERED.**

November 5, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**